## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                                Criminal No. 11-cr-107-01-SM

<u>Roger Loughner</u>

### ORDER OF DETENTION PENDING TRIAL

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on August 1, 2011, for the purpose of determining whether the defendant should be detained.  The court issued its detention order orally from the bench.  This written order summarizes the court's findings and rulings.

### Legal Standards

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141-3156, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings" to the circumstances listed in 18 U.S.C. §§ 3142(f)(1) and (f)(2).  <u>United States v. Ploof</u>, 851 F.2d 7, 10 (1st Cir. 1988).  In this case, the government invokes § 3142(f)(1)(c), asserting that a detention hearing is warranted because the defendant is charged with drug offenses that carry maximum sentences of ten or more years.

In this case, the defendant is charged by indictment with three counts of Distribution of Oxycodone in violation of 21 U.S.C. §

841(a)(1) and one count of Carrying a Firearm During and in Relation to a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c). The drug charges satisfy the parameters of § 3142(f)(1)(c), and, accordingly, the detention hearing was appropriately requested.

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness") 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991).  In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.  18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or the community.  Patriarca, 948 F.2d at 793.  For its part, the

government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence. See id. at 792-93.

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . .

18 U.S.C. § 3142(e)(3)(A). Once the presumption is invoked, the defendant need only produce "some evidence" to rebut it. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). "When a defendant produces such evidence, however, the presumption does not disappear. The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight." Dillon, 938 F.2d at 1416.

### Findings and Rulings

Because defendant is charged with multiple offenses for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq., section

3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [the defendant's] appearance . . . and the safety of the community" is triggered in this case. See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).

For the reasons stated below and on the record, and after considering the proffers of counsel and the factors set forth in 18 U.S.C. § 3142(g), the court finds that the defendant's release, even on strict conditions, presents an unacceptable risk of danger to the community.[1]

Specifically, with respect to dangerousness, the court weighed the following:

- The nature and circumstances of the offense charged. The charged offenses are extremely serious and involve the sale of narcotic drugs. During the first alleged sale, defendant had a loaded gun in the front of his pants. During the second alleged sale, defendant sold that gun to an undercover police officer. During the third transaction, defendant sold a different gun to the undercover officer. Possessing a loaded

---

[1] For the reasons stated on the record and summarized in the Pretrial Services Report, the court found that the government did not meet its burden of proof on the flight prong. Defendant's ties to the community and employment history weighed in favor of release. Other than the lengthy sentences he was facing on the underlying charges, there were no factors suggesting that defendant was a flight risk.

weapon during a drug sale is inherently dangerous. Defendant's alleged drug dealing, coupled with his possession of and access to loaded weapons is of grave concern to the court.

- <u>The weight of the evidence</u>. All three drug sales at issue involved an undercover police officer purchasing the drugs as well as the guns. The weight of the evidence against the defendant is strong.

- <u>The history and characteristics of the defendant</u>. The defendant is only 28 years old. While his criminal record does not include felonies, he has a history of drug possession that began at age 18. Then, at age 20, defendant was convicted of a second drug possession charge. Only two years ago, at age 26, defendant was convicted of carrying a weapon without a license. The instant charges suggest that defendant's criminal conduct has now escalated to more dangerous offenses.

- <u>Nature and seriousness of the danger posed by defendant's release</u>. The defendant's unaddressed substance abuse issues, his history of drug crimes and his apparent penchant for guns pose a significant risk of danger to the community -- one that cannot be abated even by strict conditions of release.

For all of these reasons, the court finds that the government, aided by the presumption, has met its burden to prove that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: August 2, 2011

cc: Jeffrey S. Levin, Esq.
    Robert J. Veiga, Esq.
    U.S. Marshal
    U.S. Probation